# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX CICCOTELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| MISONIX, INC., PAUL LAVIOLETTE, | ) |
| MICHAEL KOBY, THOMAS M. PATTON, | ) |
| PATRICK J. BEYER, STAVROS | ) |
| VIZIRGIANAKIS, BIOVENTUS INC., | ) |
| OYSTER MERGER SUB I, INC., and | ) |
| OYSTER MERGER SUB II, LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 29, 2021 (the "Proposed Transaction"), pursuant to which Misonix, Inc. ("Misonix" or the "Company") will be acquired by Bioventus Inc. ("Parent"), Oyster Merger Sub I, Inc. ("Acquisition Sub I"), and Oyster Merger Sub II, LLC ("Acquisition Sub II," and together with Parent and Acquisition Sub I, "Bioventus").

2. On July 29, 2021, Misonix's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Bioventus.  Pursuant to the terms of the Merger Agreement, Misonix's stockholders will receive $28.00 in cash or 1.6839 shares of Bioventus common stock for each

share of Misonix common stock they own.

3. On September 8, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Misonix common stock.

9. Defendant Misonix is a Delaware corporation and a party to the Merger Agreement. Misonix's common stock is traded on the NASDAQ, which is headquartered in New York, New

York, under the ticker symbol "MSON."

10. Defendant Paul LaViolette is Chairman of the Board of the Company.

11. Defendant Michael Koby is a director of the Company.

12. Defendant Thomas M. Patton. is a director of the Company.

13. Defendant Patrick J. Beyer is a director of the Company.

14. Defendant Stavros Vizirgianakis is Chief Executive Officer and a director of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

17. Defendant Acquisition Sub I is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

18. Defendant Acquisition Sub II is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19. Misonix is a provider of minimally invasive therapeutic ultrasonic medical devices and regenerative tissue products.

20. On July 29, 2021, Misonix's Board caused the Company to enter into the Merger Agreement with Bioventus.

21. Pursuant to the terms of the Merger Agreement, Misonix's stockholders will receive $28.00 or 1.6839 shares of Bioventus common stock per share.

22. According to the press release announcing the Proposed Transaction:

Bioventus Inc. (Nasdaq: BVS) ("Bioventus"), a global leader in innovations for active healing, and Misonix, Inc. (Nasdaq: MSON) ("Misonix"), a provider of minimally invasive therapeutic ultrasonic technologies and regenerative medicine that enhance clinical outcomes, today announced that they have entered into a definitive agreement by which Bioventus will acquire Misonix in a cash-and-stock transaction.

Under the terms of the agreement, which has been unanimously approved by the boards of directors of both Bioventus and Misonix, Misonix stockholders will receive aggregate consideration that values Misonix at approximately $518 million on a fully diluted basis (based on Bioventus' 7-day volume-weighted average stock price (VWAP) of $16.6284 per share) as of July 27, 2021. In the transaction, Misonix stockholders may elect to receive either (i) 1.6839 shares of Bioventus class A common stock or (ii) $28.00 in cash, without interest, for each share of Misonix common stock they hold, subject to proration based on an aggregate maximum cash amount payable by Bioventus equal to $10.50 per share of Misonix common stock outstanding shortly prior to the completion of the transaction. The aggregate share consideration represents 25% of the combined company on a fully diluted basis. The aggregate per-share value for Misonix represents a 25% premium to Misonix's 30-day VWAP as of July 27, 2021. The transaction is subject to regulatory approvals, Bioventus stockholder approval, Misonix stockholder approval, and other customary closing conditions. It is expected to close in the fourth quarter of 2021.

Following the closing of the transaction, the combined company is expected to conduct business as Bioventus Inc. and will leverage the global strengths of both product brands as a pure-play regenerative medicine and orthopedics company. The merger of Bioventus and Misonix will create a medical technology company positioned with leading products and specialized salesforces serving a $15 billion total addressable market across the hospital, ambulatory surgical center, and office care settings. The highly complementary nature of the two businesses are expected to result in scale across a range of care settings, geographies, and therapeutic areas. . . .

Structure and Financing

The transaction has been be structured in a manner designed to be a tax-free reorganization for U.S. federal income tax purposes. The combined company will retain Bioventus' headquarters in Durham, NC.

Bioventus expects to fund the cash portion of the acquisition with cash on hand and through a fully committed financing provided by Wells Fargo. Pro forma for the combination, Bioventus estimates its year-end 2021 net leverage ratio to be approximately 3.6x before factoring in the benefit of any synergies. Bioventus anticipates significant deleveraging in 2022 and beyond.

Governance

Stavros Vizirgianakis, Chief Executive Officer of Misonix and a member of its Board of Directors, and Patrick Beyer, a member of Misonix's Board of Directors will be added as members of the Bioventus Board of Directors at the closing of the transaction.

Approvals

The transaction is subject to regulatory approvals, Bioventus stockholder approval, Misonix stockholder approval, and other customary closing conditions. It is expected to close in the fourth quarter of 2021.

As a part of the transaction, certain Bioventus stockholders—Smith & Nephew, EW Healthcare Partners and Ampersand Capital, which in total represent a majority of the overall shareholder base—have evidenced their support by entering into agreements to vote in favor of the transaction.

Certain Misonix stockholders—Stavros Vizirgianakis, SV Health Investors, and 1315 Capital—have also evidenced their support by entering into agreements to vote in favor of the transaction. . . .

Advisors

Perella Weinberg Partners LP acted as lead financial advisor to Bioventus. Morgan Stanley acted as financial advisor to Bioventus. Latham & Watkins LLP provided legal counsel to Bioventus. J.P. Morgan Securities LLC served as exclusive financial advisor to Misonix. Jones Day served as legal advisor to Misonix.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

23.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

24.     As set forth below, the Registration Statement omits material information.

25.     First, the Registration Statement omits material information regarding the Company's and Bioventus' financial projections.

26.     The Registration Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan").

29. With respect to J.P. Morgan's Selected Transaction Multiples Analysis, the Registration Statement fails to disclose the closing dates for the transactions.

30. With respect to J.P. Morgan's Discounted Cash Flow Analyses of the Company and Bioventus, the Registration Statement fails to disclose: (i) the terminal values used in the analyses; (ii) all line items used to calculate unlevered free cash flows used in the analyses; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; (iv) the net debt used in the analyses; and (v) the number of fully-diluted outstanding shares used in the analyses.

31. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32. The omission of the above-referenced material information renders the Registration Statement false and misleading.

33. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Misonix

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Misonix is liable as the issuer of these statements.

36. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

37. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

39. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Bioventus

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants and Bioventus acted as controlling persons of Misonix within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Misonix and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants and Bioventus was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

46. Bioventus also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

47. By virtue of the foregoing, the Individual Defendants and Bioventus violated Section 20(a) of the 1934 Act.

48. As set forth above, the Individual Defendants and Bioventus had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  September 16, 2021

**RIGRODSKY LAW, P.A.**

By:  */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
gms@rl-legal.com
vl@rl-legal.com

*Attorneys for Plaintiff*